**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
TIMOTHY J. SULLIVAN
UNITED STATES MAGISTRATE JUDGE

6500 Cherrywood Lane
Greenbelt, Maryland 20770
Telephone: (301) 344-3593

May 15, 2022

LETTER TO COUNSEL:

RE:     *Lawrence C. v. Kilolo Kijakazi, Acting Comm'r of Social Security*
        Civil No. TJS-22-1629

Dear Counsel:

On July 1, 2022, Plaintiff Lawrence C. petitioned this Court to review the Social Security Administration's final decision to deny his claims for disability insurance benefits ("DIB") and supplemental security income ("SSI"). ECF No. 1. The parties have filed cross-motions for summary judgment. ECF Nos. 10 & 12. These motions have been referred to the undersigned with the parties' consent pursuant to 28 U.S.C. § 636 and Local Rule 301.[1] Having considered the submissions of the parties (ECF Nos. 10, 12 & 13), I find that no hearing is necessary. *See* Loc. R. 105.6. This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed the proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015). Following its review, this Court may affirm, modify, or reverse the Commissioner, with or without a remand. *See* 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89 (1991). Under that standard, I will grant the Acting Commissioner's motion and deny the Plaintiff's motion. This letter explains my rationale.

Lawrence C. filed his applications for disability benefits in January 2020. Tr. 25. He alleged a disability onset date of September 28, 2019. *Id.* His applications were denied initially and upon reconsideration. *Id.* Lawrence C. requested an administrative hearing and a telephonic hearing was held on June 11, 2021, before an Administrative Law Judge ("ALJ"). *See id.* In a written decision dated June 18, 2021, the ALJ found that Lawrence C. was not disabled under the Social Security Act. Tr. 25-34. The Appeals Council denied Lawrence C.'s request for review, making the ALJ's decision the final, reviewable decision of the agency. Tr. 1-6.

The ALJ evaluated Lawrence C.'s claim for benefits using the five-step sequential evaluation process set forth in 20 C.F.R.§§ 404.1520, 416.920. At step one, the ALJ found that Lawrence C. has not engaged in substantial gainful activity since September 28, 2019, the alleged onset date. Tr. 27. At step two, the ALJ found that Lawrence C. suffers from the following severe impairments: chronic obstructive pulmonary disease ("COPD"), asthma, tobacco use disorder, positional vertigo, and depressive disorder. Tr. 27-28. At step three, the ALJ found Lawrence C.'s impairments, separately and in combination, do not meet or equal in severity any listed impairment

---

[1] This case was originally assigned to Judge Hurson. On January 31, 2023, it was reassigned to me.

in 20 C.F.R., Chapter III, Pt. 404, Subpart P, App. 1 ("Listings"). Tr. 28. The ALJ determined that Lawrence C. retains the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he cannot climb ladders, ropes, or scaffolds. He can frequently balance, stoop, kneel, crouch, crawl, and climb ramps or stairs. He can have occasional exposure to extreme cold, extreme heat, humidity, and environmental irritants such as fumes, odors, dusts, gases, and poorly ventilated areas. He cannot use moving mechanical parts or have exposure to unprotected heights. He can perform simple and repetitive tasks in a routine work setting, performed in a work environment free of fast-paced production requirements, involving only simple work-related decisions and infrequent and gradual workplace changes. He can have occasional interaction with coworkers, supervisors, and the public.

Tr. 29-32.

At step four, the ALJ determined that Lawrence C. cannot perform past relevant work. Tr. 2432 At step five, relying on testimony provided by a vocational expert ("VE"), and considering the claimant's age, education, work experience, and RFC, the ALJ determined that there are jobs that exist in significant numbers in the national economy that Lawrence C. can perform, including merchandise marker, office caller, and office helper. Tr. 33. Accordingly, the ALJ found that Lawrence C. was not disabled under the Social Security Act. *Id.*

Lawrence C. argues that the ALJ made the following errors that warrant remand: (1) the ALJ failed to build an accurate and logical bridge from the evidence to his conclusion that Lawrence C. can perform a range of light exertional work; and (2) the ALJ failed to properly evaluate the opinion evidence from the state agency medical consultants. ECF No. 10-1 at 1. Because these arguments are related, the Court will address them together below.

Lawrence C. argues that the ALJ's RFC determination is logically disconnected from the evidence of record. ECF No. 10-1 at 5. He argues that the ALJ failed to "include a narrative discussion describing how the evidence supports each conclusion" and failed to "build an accurate and logical bridge" from the evidence to his conclusion. *Id.* at 6 (quoting *Mascio*, 780 F.3d at 636 and *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018)). He argues that because of these failures, the Court will be unable to review the ALJ's conclusions. *Id.*

To make his point, Lawrence C. points to two paragraphs of the ALJ's decision. ECF No. 10-1 at 6 (citing Tr. 30-31). In this section, the ALJ summarized Lawrence C.'s March 2019 hospitalization for a COPD exacerbation with dizziness and numbness in his right arm, his two emergency room visits related to physical altercations since the alleged onset date, his February 2020 hospitalization for chest pains with right arm pain (later diagnosed as a COPD exacerbation), a pulmonary consultative exam showing bilateral wheezing and pulmonary function test showing severe airflow obstruction that persisted despite good response to bronchodilators, and physical exam notes documenting Lawrence C.'s episodic coughing, wheezing, and appearing tired. *Id.* Accounting for this evidence, the ALJ found that Lawrence C. must be restricted to a range of

unskilled, light work. Tr. 31. Lawrence C. complains that the ALJ never explained how the evidence cited in his decision translates into a restriction to light work.

Every conclusion reached by an ALJ when evaluating a claimant's RFC must come with a narrative discussion describing the evidence that supports it. *Dowling v. Comm'r, Soc. Sec. Admin.*, 986 F.3d 377, 387 (4th Cir. 2021). An ALJ must consider all of a claimant's "physical and mental impairments, severe and otherwise, and determine, on a function-by-function basis, how they affect [the claimant's] ability to work." *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019), *as amended* (Feb. 22, 2019) (internal quotation marks and citation omitted). In doing so, the ALJ must provide "a narrative discussion describing how the evidence supports each conclusion." SSR 96-8P, 1996 WL 374184, at *7 (July 2, 1996). Once the ALJ has completed this function-by-function analysis, the ALJ can make a finding on the claimant's RFC. *Id.*; *Thomas*, 916 F.3d at 311 ("Thus, a proper RFC analysis has three components: (1) evidence, (2) logical explanation, and (3) conclusion."). An ALJ need not mention every piece of evidence, so long as he builds a logical bridge from the evidence to his conclusion. *Reid v. Comm'r of Soc. Sec.*, 769 F.3d 861, 865 (4th Cir. 2014). When evaluating an ALJ's decision for substantial evidence, the Court reads the ALJ's decision as a whole. *Keene v. Berryhill*, 732 F. App'x 174, 177 (4th Cir. 2018) ("We must read the ALJ's decision as a whole.").

If the ALJ's decision had been based solely on the two paragraph excerpt that Lawrence C. included in his brief, his argument might be persuasive. But the ALJ relied on more than just a cursory review of the medical evidence in formulating the RFC. For instance, the ALJ relied on the prior administrative findings of two state agency physicians, Dr. Robbins and Dr. Ahn.[2] Tr. 32. The ALJ found the opinions of these two disability experts partially persuasive, reasoning that the restrictions contained in their opinions were "supported by a persuasive analysis and consistent with the evidence," including Lawrence C.'s severe airflow restriction and wheezing on exams. Tr. 32. The ALJ only disagreed with the opinions because they did not properly account for Lawrence C.'s severe positional vertigo and its resulting limitations. *Id.*

The ALJ also explained why limitations beyond those set forth in the RFC were unwarranted. Tr. 31. The ALJ noted that while Lawrence C. has "significant respiratory issues," he continued to smoke until at least late 2020. *Id.* Even so, Lawrence C. did not require regular hospitalizations related to his respiratory issues, and his one hospitalization after the alleged onset date "appeared to focus more on ruling out potential cardiac disease." *Id.* As for findings on his physical exams, the ALJ noted that the exams lacked "consistent abnormalities beyond his chronic wheezing." *Id.* And while his pulmonary function test "showed significant deficits," his overall lung disease was classified as moderate. *Id.* The ALJ explained that Lawrence C.'s treatment has been "routine and conservative in nature." *Id.*

Considering the ALJ's decision as a whole, the Court finds that the ALJ properly considered the evidence of record and adequately explained how he formulated the RFC. The Court rejects Lawrence C.'s argument that the ALJ improperly evaluated the opinions of Dr.

---

[2] The ALJ rejected the opinion of Dr. Mathur, a consultative examiner, who found that Lawrence C. had no physical limitations except for a potential limitation walking in bad weather. Tr. 32.

Robbins and Dr. Ahn. The ALJ's discussion of these opinions, considered in the context of the rest of his decision, demonstrates that he found the opinions to be consistent with and supported by the longitudinal record of Lawrence C.'s physical examination findings and course of treatment.

The thrust of Lawrence C.'s argument is that the ALJ's conclusions are unreasonable and that the Court should endeavor to reweigh the evidence to reach a more reasonable outcome. But the Court may not reweigh the evidence, even if the Court believes the ALJ could have reached a different conclusion. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). The ALJ's decision is logically sound and supported by substantial evidence. The Court thus affirms the Acting Commissioner's final decision.

For the reasons set forth above, Lawrence C.'s Motion for Summary Judgment (ECF No. 10) will be **DENIED**, and the Acting Commissioner's Motion for Summary Judgment (ECF No. 12) will be **GRANTED**. The Clerk is directed to **CLOSE** this case. Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

_____/s/_____

Timothy J. Sullivan
United States Magistrate Judge